FILED
SUPERIOR COURT
OF GUAM

2021 APR 23 AM 11: 22

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID J. LUJAN, | CIVIL CASE NO. CV0776-09 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| JUNIOR LARRY HILLBROOM, as Trustee of JLH Trust, KEITH A. WAIBEL, as an individual and as Trustee of JLH Trust, and DOES 1 through 20, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 19, 2021, upon the Plaintiff's Motion to Amend Judgment filed on October 16, 2020. Plaintiff David J. Lujan is represented by Attorney James M. Maher. Defendants in this matter are Junior Larry Hillbroom, as Trustee of the JLH Trust, and Keith A. Waibel, as an individual and as Trustee of the JLH Trust. Junior Larry Hillbroom is represented by Attorney Samuel S. Teker.

Having reviewed the pleadings and considered the arguments and relevant legal authorities in this matter, the Court issues the following Decision and Order and **DENIES** the Plaintiff's Motion to Amend Judgment. The Court further **DENIES** the Plaintiff's request to order a deposition in this matter.

## BACKGROUND

On May 2, 2017, Plaintiff David J. Lujan ("Lujan") filed his Second Amended Complaint for Damages for Breach of Contract and Intentional Interference with Contract ("Second Amended Complaint"). The Second Amended Complaint contained one count of Breach of Contract of the 1998 Retainer Agreement against Keith A. Waibel ("Waibel") and

Junior Larry Hillbroom, ("Junior") as Trustee, a second count of Breach of Contract for the 1999 Retainer Agreement against Waibel and Junior as Trustee, and a third count of Intentional Interference with Contract of the 1998 Retainer Agreement against Waibel only.

On September 7, 2018, the Court issued a Findings of Fact and Conclusions of Law and Judgment, awarding the Plaintiff compensatory damages pursuant to the contingency percentages set forth in the 1998 and 1999 Retainer Agreements. *See* Findings of Fact and Conclusions of Law (Sept. 7, 2018); *see also* Judgment (Sept. 7, 2018). Under the 1998 Retainer Agreement, the Plaintiff and co-counsel were awarded Two Million Two Hundred Fifty Thousand Nine Hundred Eighty-One and 05/100 Dollars ($2,250,981.05) from the JLH Trust and JLH Pacific Trust. *Id.* Under the 1999 Retainer Agreement, the Plaintiff was awarded One Million Five Hundred Forty Thousand One Hundred Forty-Four and 92/100 Dollars ($1,540,144.92) from the JLH Trust and the JLH Pacific Trust. *Id.*

On March 3, 2020, Plaintiff filed a Motion to Amend Judgment ("First Motion to Amend Judgment") pursuant to Rule 60(a) of the Guam Rules of Civil Procedure, asserting that an award of interest was omitted from the judgment. Defendant Junior filed a Motion to Vacate Judgment and Opposition to Plaintiff's Motion to Amend Judgment on June 29, 2020, and Plaintiff filed an opposition and reply on July 22, 2020. On September 9, 2020, the parties submitted a Stipulation and Order to Withdraw Defendant's Motion to Vacate Judgment. On September 23, 2020, the Court issued a Decision and Order granting the Plaintiff's Motion to Amend Judgment. The Amended Judgment, which provided for the award of interest, was filed that same day.

On October 16, 2020, Plaintiff filed a second Motion to Amend Judgment ("Second Motion to Amend Judgment") pursuant to Rule 59(e) of the Guam Rules of Civil Procedure. The Second Motion to Amend Judgment seeks to adjudge Junior individually liable for the amounts adjudged by the Court in the Amended Judgment. Junior, through his counsel, filed an opposition on January 6, 2021, arguing that the Second Motion to Amend Judgment should be denied. Plaintiff filed a reply on February 18, 2021. The Court held a hearing on the Second

Motion to Amend Judgment on January 19, 2021, after which it took the matter under advisement.

## DISCUSSION

### I. Plaintiff's Second Motion to Amend Judgment was timely filed pursuant to Guam Supreme Court Administrative Order ADM20-411.

Plaintiff's Second Motion to Amend Judgment was made pursuant to Guam Rule of Civil Procedure 59(e), which states, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." *See* Guam R. Civ. P. 59(e). Guam Supreme Court Administrative Order ADM20-411 filed on September 25, 2020 further tolled all statutory filing deadlines until October 19, 2020.

The Amended Judgment in this case was filed on September 23, 2020. The instant motion was filed on October 16, 2020. Although the Second Motion to Amend Judgment was filed beyond the 10 days required by law, the Court agrees that the statutory filing deadline was tolled pursuant to Administrative Order ADM20-411. Therefore, the Second Motion to Amend Judgment was timely filed.

### II. Plaintiff's argument to amend the judgment pursuant to 18 G.C.A. § 20309 is unpersuasive.

In the Second Motion to Amend Judgment, Plaintiff argues that a principal-agent relationship existed between Junior and Waibel. In furtherance of this argument, Plaintiff references Title 18 G.C.A. § 20309, which states in relevant part, "…a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal." 18 G.C.A. § 20309.

Here, Plaintiff argues that Waibel became Junior's agent and executed the agreements leading to this lawsuit on his behalf. Because Waibel failed to remit money to Plaintiff due under the agreement, Plaintiff argues Junior is liable for Waibel's acts. In support of these

assertions, Plaintiff references *Fajardo v. Liberty House Guam, et al.*, wherein the Supreme Court discussed vicarious liability in a principal-agent relationship in an employment context. The *Fajardo* court held that "some authorization or ratification by the employer is necessary before he is vicariously liable for a punitive damages award." *Fajardo v. Liberty House Guam, et al.*, 2000 Guam 4, ¶ 12. However, *Fajardo* is not on point because it references punitive damages within an employment context, wherein the present matter concerns compensatory damages related to a trustee-beneficiary situation.

Further, Guam law provides that a trustee is not the agent of the beneficiary. *See* 18 GCA §§ 66201 and 66301. Instead, a trustee takes direction and acts upon the instructions contained in the trust or as set out by the trustor. *Id.* The law states, "[a] trustee must fulfill the purpose of the trust, as declared at its creation, and must follow all the directions of the trustor given at that time, except as modified by the consent of all parties interested, in the same manner, and to the same extent, as an employee." 18 GCA § 66301. The statute further indicates that "[a] trustee is a *general agent for the trust property*." 18 GCA § 66301 (emphasis added). Therefore, Waibel was an agent of the trust property, and not an agent of Junior, who was the beneficiary. Accordingly, Junior cannot be personally liable for Waibel's actions.

### III. Defendant's argument that the statute of limitations bars naming Junior as an individual defendant is persuasive because Plaintiff discovered the breach over four years ago.

Even if Junior could be held personally liable for Waibel's actions, adding Junior as a defendant individually in a breach of contract claim would violate the statute of limitations. *See* 7 GCA § 11303(a). Guam law sets the statute of limitations for a breach of contract claim as four (4) years. *Id.* "Generally, a statute of limitations begins to run when a plaintiff discovers, or with reasonable diligence should have discovered, facts giving rise to a cause of action." *Bautista v. Torres*, 2020 Guam 28, ¶ 15. Here, Plaintiff first filed this lawsuit eleven (11) years ago, claiming fees owed under the 1998 and 1999 Retainer Agreements. *See* Compl. (May. 11, 2009). Therefore, adding Junior as a defendant individually now, when the Plaintiff discovered the facts giving rise to this breach of contract claim over four years ago, violates the statute of

limitations. Plaintiff had four years from the discovery of this claim to seek to have Junior held individually liable but failed to do so. In fact, Plaintiff has previously asserted that "claims against [Junior] are in [Junior's] capacity as trustee of the JLH Trust, not against [Junior] in his individual capacity." *See* Pl.'s Opp'n to Def.'s Mot. to Vacate J. (Jul. 22, 2020) at 8. Plaintiff cannot now at the last moment seek to gain that which he failed to seek over the past 11 years.

**IV.    The Court denies the Plaintiff's request to sanction Defendants and denies the request to order Junior to sit for a deposition.**

Plaintiff further argues that Defendants failed to cooperate with discovery, and therefore the Court may sanction Defendants and prevent them from opposing claims or interjecting defenses to claims. *See* Pl.'s Reply to Def.'s Opp'n to Mot. to Amend J. (Feb. 18, 2021). Plaintiff further requests that the Court order Junior to sit for a deposition. *Id.* Rule 37(b)(2)(B) of the Guam Rules of Civil Procedure provides the Court with discretion to sanction a party that fails to permit discovery in a pending action by refusing to allow the disobedient party to oppose claims or defenses. *See* Guam R. Civ. P. 37(b)(2)(B). However, sanctions by the Court are discretionary, and as a judgment has already been filed in this matter, the Court declines to sanction the Defendants or to order Junior to sit for a deposition.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** the Plaintiff's October 16, 2020 Motion to Amend Judgment. The Court further **DENIES** the Plaintiff's request to order a deposition in this matter.

**IT IS SO ORDERED** _____APR 2 3 2021_____ .

. . . . . . . . .
knowledge that an electronic
copy of the original was e-mailed to:
_____✓. MAYtr R_____
_____S· Terler_____
Date:_____Time: 4/22/ 2/
_____Ormrf_____
**Deputy Clerk, Superior Court of Guam**

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**